IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

NovaStar Mortgage, Inc.,                    :           Case No. 3:07CV1175

               Plaintiff,                    :

              v.                    :           MAGISTRATE'S REPORT
                                          AND RECOMMENDATION
George J. Weiler, et al.,                    :

               Defendants.                    :

      This foreclosure action filed pursuant to 28 U.S.C. § 1332 was referred to the undersigned magistrate for pretrial management and the filing of a report and recommendation.  Pending is Plaintiff's Motion for Default Judgment which is accompanied by a proposed order (Docket No. 21).

      For the reasons that follow, the undersigned recommends that the default judgment and decree of foreclosure be granted and that the liens of the Lucas County Treasurer and the City of Toledo be given appropriate priority as provided by Ohio law.

      This action was filed on April 20, 2007, naming George J. Weiler, Theresa Weiler, the Lucas County Treasurer and the City of Toledo.  Defendant George J. Weiler executed the first promissory note and mortgage referenced in the complaint, as well as a second promissory note and mortgage. Plaintiff is the holder of both of the notes and mortgages which secure the amounts due under the notes.  As a result of defendant's failure to timely pay both notes, the notes and mortgages are in default.  Consequently, the conditions of the mortgages have been broken, and Plaintiff is entitled to have the equity of redemption and dower of the current title holder foreclosed.

1

The undersigned further finds that the summons and complaint were properly served upon defendants; however, only the City of Toledo (Docket No. 9) and the Lucas County Treasurer (Docket No. 12) have filed an answer or other responsive pleading.  Consequently, the Clerk has entered the default for each defendant other than the Lucas County Treasurer and City of Toledo.

Based upon a review of the pleadings and supporting affidavits, the undersigned finds that the mortgages were recorded with the Lucas County Recorder and are valid and subsisting first mortgages on the property; however, Plaintiff's mortgages are junior in priority under Ohio law to the liens held by the Lucas County Treasurer to secure the payment of real estate taxes and assessments.   The undersigned further finds that the City of Toledo has a valid and subsisting lien as shown in its answer, the exact amount to be ascertained on the date of the timely transfer of the deed.  The undersigned recommends that the Defendant City of Toledo shall be paid the value of its water and sewer lien from the proceeds of the sale in priority with the lien held by the Lucas County Treasurer before any distribution is made to junior lien holders.  The undersigned further recommends that such interest shall be released from the title to the property upon confirmation of the sale to ensure that the buyer obtains title to the property free and clear of all interests.

The undersigned also finds that there is due on the first note: 1) principal in the amount of $99,599.31, plus interest on the principal at the rate of 8.65% from October 1, 2006; and on the second note: 1) principal in the amount $24,999.47, plus interest on the principal at the rate of 12.3% from November 1, 2006; all late charges imposed under the notes; all advances made for the payment of real estate taxes and assessments and insurance premiums and all costs and expenses incurred for the enforcement of the notes and mortgages except to the extent the payment of one or more specific such items is prohibited by Ohio law.

2

Accordingly the magistrate recommends that unless the sums found to be due to Plaintiff are fully paid within ten days from the date of the judgment entry and decree of foreclosure that: judgment for the amount due on the notes and mortgages be entered against George J. Weiler; the equity of redemption of the defendant title holder(s) in the property shall be foreclosed and the property be sold free of the interests of all parties to this action subject to redemption by defendant(s) pursuant to Ohio Rev. Code § 2939.33. If payment is not made as required, the magistrate recommends that an order of sale shall issue to a master commissioner, directing him/her to appraise, advertise and sell the property according to the law and orders of this Court and to report his/her proceedings to this Court.

The undersigned further recommends that the proposed judgment entry and decree of foreclosure (Docket No. 21) submitted by Plaintiff be entered.

So ordered.

/s/ Vernelis K. Armstrong
U. S. Magistrate Judge

Dated:    October 5, 2007

### Notice

Please take notice that as of this date the Magistrate's Report and Recommendation attached hereto has been filed.

Please be advised that, pursuant to Rule 72.3(b) of the Local Rules for this district, the parties have ten (10) days after being served in which to file objections to said Report and Recommendation. A party desiring to respond to an objection must do so within ten (10) days after

the objection has been served.

Please be further advised that the Sixth Circuit Court of Appeals, in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) held that failure to file a timely objection to a Magistrate's Report and Recommendation foreclosed appeal to the Court of Appeals.  In *Thomas v. Arn*, 106 S.Ct. 466 (1985), the Supreme Court upheld that authority of the Court of Appeals to condition the right of appeal on the filing of timely objections to a Report and Recommendation.